# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JEFFERSON CONTRERAS M.,[1]
(A Number: 094-831-528)

Petitioner,

v.

WARDEN, *Mesa Verde Detention Facility*, et al.

Respondents.

Case No. 1:26-cv-04329-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO DENY PETITION**

(Doc. 1)

FOURTEEN-DAY DEALINE

Jefferson Contreras M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### I. FACTUAL BACKGROUND

On May 5, 2026, Petitioner filed his first habeas petition. *See Contreras Majano v. Warden*, No. 1:26-cv-03477-JLT-EGC (E.D. Cal. May 5, 2026). On May 13, 2026, the Court granted relief and ordered Respondents to give Petitioner a substantive bond hearing. (*Id.* (Doc. 8)).

On May 27, 2026, Petitioner was provided a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 8-1 at 2). The immigration judge ("IJ") denied Petitioner's request for release finding that Petitioner was a danger to the public. (*Id.*).

On June 5, 2026, Petitioner filed a second petition seeking immediate release. (Doc. 1).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

On June 10, 2026, Respondents filed a response to the petition. (Doc. 8).

## II. JURISDICTION & LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

## III. DISCUSSION

The parties do not dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a) following his arrest and detention. Petitioner has been provided with a bond hearing before an IJ. (*See* Doc. 8-1). Respondents argue the petition should be dismissed or denied, because Petitioner has already received the process he is due. (Doc. 8). The undersigned agrees.

Here, the record shows Petitioner was detained on March 2, 2026, and removal proceedings were initiated. (Doc. 1 at 5). Pursuant to section 1226(a), Petitioner received a bond hearing on date, at which the IJ denied bond because Petitioner was a danger to the community. (Doc. 8-1 at 2). The Ninth Circuit has held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under section 1226(a) fourteen months after his first section 1226(a) hearing was held. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207–14 (9th Cir. 2022). Although *Rodriguez Diaz* did "not foreclose all as-applied challenges to [section] 1226(a)'s procedures," the undersigned finds that Petitioner has not demonstrated that their case is distinguishable from *Rodriguez Diaz*. *Id.* Thus, the undersigned finds that Petitioner received due process under section 1226(a). *See id.* (section 1226(a)'s post-detention bond procedures facially satisfy due process); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025) ("If [s]ection 1226 and its regulations are followed, this provides for sufficient process, as detentions

will only be made upon an initial DHS determination that an individual is a flight risk or poses a danger to society.").

Accordingly, the undersigned recommends that the Court deny Petitioner's petition.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition for writ of habeas corpus, (Doc. 1), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 9, 2026**

Erin Sug Castillo
UNITED STATES MAGISTRATE JUDGE