**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JEFFERSON CONTRERAS MAJANO,

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-04329 JLT EGC (HC)

A-Number: 094-831-528

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 24)

Jefferson Contreras Majano proceeds with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention as a violation of due process. (*See* Doc. 1 at 16-17.) Petitioner seeks his immediate release from detention. (*Id.* at 7.) Respondents assert that Petitioner received due process when he had a bond hearing. (*See* Doc. 14 at 1-2.)

The magistrate judge noted it is undisputed that "Petitioner is currently detained under 8 U.S.C. § 1226(a)." (Doc. 24 at 2.) The magistrate judge observed that "Petitioner received a bond hearing on [May 27, 2026], at which the IJ denied bond because Petitioner was a danger to the community." (*Id.*, citing Doc. 8-1 at 2.) The magistrate judge found that with the bond hearing, "Petitioner received due process under section 1226(a)." (*Id.*) Therefore, the magistrate judge recommended the Court deny the petition. (*Id.* at 3.)

The Court served the Findings and Recommendations on the parties and notified them that

any objections were due within 14 days. (Doc. 24 at 3.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Importantly, the relevant period for the Court to evaluate whether Petitioner's detention has become "prolonged" for purposes of his due process claim is the length of detention after he received a bond hearing. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) (identifying the relevant period as the "months following [the] first bond hearing" when considering whether detention qualifies as prolonged). Since the bond hearing, Petitioner has been detained approximately five months. This period does not rise to the level of "prolonged detention." *Gagiu v. ICE Field Off. Dir.*, 2026 WL 2291295, at *2 (W.D. Wash. Aug. 10, 2026) (a detention period of five months is "less than the presumptively reasonable period" for a petitioner detained under Section 1226(a)). Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated October 13, 2026 (Doc. 24) are **ADOPTED.**
2. The petition for writ of habeas corpus is **DENIED**.
3. The Clerk of Court is directed to terminate any pending matters as moot and close this case.

IT IS SO ORDERED.

Dated: November 9, 2026

[signature]
UNITED STATES DISTRICT JUDGE